IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| WEST COAST PRODUCTIONS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action Number |
| | : | |
| v. | : | |
| | : | 4:11-cv-00211-HLM |
| ROBIN POPHAM, | : | |
| | : | |
| Defendant. | : | Jury Trial Demanded |
| | : | |

## ROBIN MASON'S MOTION FOR RECONSIDERATION

**COMES NOW**, Robin Mason, by and through Counsel, filing Robin Mason's Motion for Reconsideration, showing the Court as follows:

### Case Summary

The Court dismissed this action without prejudice on April 27, 2012 upon the condition that Plaintiff paying Mason's reasonable attorneys' fees upon re-filing.  Doc. 36.  In its Order the court found that: (1) there was insufficient evidence of bad faith "at this point," pages 5-6; (2) that Mason incurred "consider" legal expense, page 6; and (3) a hearing was not warranted, page 3 footnote 1. Mason moves for reconsideration of these findings and for the Court to reconsider imposing at least some attorneys' fees and expenses as a condition of dismissal.

1

## Applicable Law

LR 7.2(E), NDGa provides that a party may file a motion for reconsideration when "absolutely necessary" but not as a matter of "routine practice."  A motion for reconsideration should be granted when there are clear errors of fact or law, Calle v. U.S. Atty. Gen., 504 F.3d 1324, 1329 (11th Cir. 2007), or in order to prevent manifest injustice.  Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337-38 (N.D. Ga. 2005) (Camp, J.) aff'd, Ctr. For Biological Diversity v. Hamilton, 453 F.3d 1331 (11th Cir. 2006).  They should not be used to raise new legal arguments that should (and could) have been made, especially when a party fails to articulate any reason for failing to raise the issue at an earlier stage in the litigation.  Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001).  Compare Church of Scientology of Georgia, Inc. v. City of Sandy Springs, Ga., 1:10-CV-00082-AT, 2012 WL 500263 fn. 2 (N.D. Ga. Feb. 10, 2012) (Totenberg, J.) (considering "evidence that could clearly have been presented" in the original motion in order to avoid "manifest injustice").  When evaluating a motion to reconsider, a Court should balance its duty to render just decisions with the need for finality.  Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (Murphy, J.).  A Court's decision is normally reviewed for an abuse of discretion.  Florida Ass'n of Rehab. Facilities, Inc. v.

State of Fla. Dept. of Health & Rehabilitative Services, 225 F.3d 1208, 1218 (11th Cir. 2000).

**Argument and Citation to Authority**

There are several clear errors of fact contained in Plaintiff's Motion and Reply and allowing Plaintiff to profit from its deceptive behavior would result in manifest injustice. Therefore, it would be within the Court's discretion to reconsider its April 27, 2012 Order dismissing this case without imposing any attorneys' fees or expenses on Plaintiff.

**A. "failed to provide . . . supplemental responses"**

On page seven of Plaintiff's Reply (Doc. 34), it states that "Defendant failed to provide . . . supplemental responses, even after promising to do so." This statement is false.

Counsel for the parties conducted a discovery conference on March 12, 2012, at which time counsel for Plaintiff stated that (1) her client would not withdraw the case against Ms. Mason; (2) that it intended to depose her; and (3) that Plaintiff wanted supplemental responses to its first set of interrogatories and requests for production. Counsel also insisted on pursuing this case against "Robin

3

Popham," arguing that the Complaint supposedly alleged "contributory" infringement based on the actions of a third party using Mason's Internet account.[1]

On March 15, 2012, Counsel spoke with Ms. Mason regarding this conversation and what supplemental responses, if any, could be provided, and thereafter began working on a supplemental response.

On March 20, 2012, a mere five days after stating that it fully intended to pursue Mason (i.e., "Robin Popham"), Plaintiff offered to settle the case with no explanation as to why it completely reversed its position of five days earlier. Nonetheless, counsel for Mason stated that he would discuss this offer with his client but that it would, **"delay somewhat my work on the supplemental responses to the first round of discovery."**

On March 29, 2012, Mason rejected Plaintiff's lopsided offer, made a counteroffer, and stated that if the counteroffer was not acceptable that, **"I can have the supplemental disclosures (to your client's first round of discovery) within a day or two."** Counsel for Plaintiff responded by stating, "[y]our proposal is absurd" and "nothing short of extortion and a violation of the rules of

---

[1] The Complaint only alleges that "Robin Popham" downloaded the work. *See* ¶¶ 20-31 & 26-31. Nowhere in the Complaint does it allege that a third party was responsible for the downloading it using Mason's Internet account.

4

professional conduct."[2]  Counsel also stated that Plaintiff would "bring this to Judge Murphy next week if we don't have the settlement by Monday" and that '[i]f we do not have the agreement to the dismissal as proposed on Monday, we will request Judge Murphy intervene." (discussed below).

The following Monday – April 2, 2012 – rather than contacting the Court as threatened, Plaintiff moved to dismiss the case (Doc. 29), arguing that Mason somehow **"failed to provide . . . supplemental responses."**  Doc. 34, page 7 and footnote 6.

To the extent that the Court declined to award attorneys' fees and expenses based on Mason's alleged uncooperative nature and/or unwillingness to provide discovery, she would ask the Court to reconsider its decision since Mason did not "fail" to provide a supplemental response in any sense of the word.

On March 29, 2012, Mason clearly stated that she would provide supplemental responses within "a day or two" if Plaintiff so desired.  Rather than responding that it wanted a supplemental response, Plaintiff extended the time for its settlement offer, threatened to improperly contact the Court if the agreement was not accepted, and then deceptively moved to dismiss this case (rather than

---

[2] Ironically, making the allegation of "extortion" arguably violates Georgia Rule of Professional Conduct 3.4(h), which prohibits a lawyer from "presenting or threatening to present criminal charges solely to obtain an advantage in a civil matter."

calling the Court), arguing that Mason somehow **"failed to provide . . . supplemental responses"** despite her willingness to do so.

Plaintiff's misrepresentation regarding this fact is not only "clear," but it would result in "manifest injustice" to allow Plaintiff to succeed on its motion to dismiss based on this improper behavior.

### B. "likelihood of incurring further legal to make Defendant provide discovery"

On page seven of its Reply, Plaintiff argues that it was "faced with the likelihood of incurring further legal fees to make Defendant provide discovery." This statement is clearly false. As discussed above, counsel for Mason spoke with Ms. Mason on March 15, 2012 regarding what supplemental responses could be provided and expressed her willingness to respond within a few days upon request.

Unfortunately, Mason cannot argue that she provided a supplemental response before Plaintiff filed its motion to dismiss, but this is solely due to the fact that Plaintiff extended the deadline to accept its settlement offer and stated that it would improperly contact the Court if the offer was not accepted. Mason stated that she would provide a supplemental response within a "few days" if requested, but Plaintiff ignored this questions, and instead argued that Mason somehow "failed" or was unwilling to provide supplemental responses. It is clearly false to assert that Plaintiff was faced with the "likelihood of incurring further legal fees to

6

make Defendant provide discovery" when Mason expressed a willingness to do so upon request.

### C. "Learn Judge Murphy's procedure."

It would also be within the Court's discretion to reconsider its Order and impose attorneys' fees and expenses because of Plaintiff's false statement that it did not threaten to contact the Court regarding its March 20th settlement offer. Reply, Doc. 34, footnote 8. Below are <u>verbatim</u> statements made by the parties showing this factual assertion to be false (in chronological order):

- From Mason – March 29, 2012 at 4:37 PM:
    - "Unless I'm mistaken, Judge Murphy doesn't have an order that specifies a procedure to call the Court's chambers to discuss discovery disputes, but Judge Totenberg does."
- From Plaintiff – March 29, 2012 at 4:42 PM:
    - **"Learn Judge Murphy's procedure."** (emphasis added)[3]
- From Mason – March 29, 2012 at 4:48 PM:

---

[3] Maybe there is an unwritten rule or "custom" requiring and/or permitting the parties to contact the Court to resolve discovery and/or settlement disputes, but unfortunately counsel for Mason has not had the opportunity to learn of this rule since this is the first case that Counsel has had before the Court…

7

- o "Judge Murphy doesn't have any standing orders that permit and/or require counsel to contact his chambers to schedule; therefore, it would be improper to contact it *ex parte*."

- From Plaintiff – March 29, 2012 at 4:54 PM:

  - o **"Judge Murphy's practice is to have a phone conference to resolve discovery disputes.  We look forward to the settlement agreement or we will go to the judge."** (emphasis added)

- From Mason – March 29, 2012 at 4:57 PM:

  - o "There is nothing in the court's local rules or any standing order from Judge Murphy that specifies this . . ."

- From Plaintiff – March 29, 2012 at 5:09 PM:

  - o **"You need to do some research.  We will bring this to Judge Murphy next week if we don't have the settlement by Monday."** (emphasis added)

- From Plaintiff – March 29, 2012 at 5:20 PM

  - o **"If we do not have the agreement to the dismissal as proposed on Monday, we will request Judge Murphy intervene."** (emphasis added)

- From Plaintiff – March 29, 2012 at 5:36 PM:

8

- o "You are wrong. I have not suggested an ex part communication and would never have such a contact. We will follow both court's [*sic*] procedures to have hearings on these matters **and the outstanding discovery requests if we don't receive the settlement agreements proposing dismissal by Monday.**"

(emphasis added)

Plaintiff does not (and cannot) provide any evidence to counter these <u>verbatim</u> statements, but rather states that it benevolently decided not to occupy the Court's time with a "battle of affidavits." Reply, footnote 8. To the extent that this is a valid legal argument, Mason would like to argue that she is so convinced of her own position that she need not "occupy" the Court with evidence rebutting Plaintiff's false statements.

Otherwise, Mason points out that Plaintiff's only possible legal argument is that assertion that counsel for Mason was somehow confused by a similar (but unrelated) case wherein counsel for Plaintiff supposedly "mentioned contacting the deputy clerk to schedule a discovery conference with Judge Totenberg in accordance with the Judge's Standing Order at 18."[4] As the above <u>verbatim</u> statements show, however, Plaintiff clearly threatened to improperly contact the

---

[4] The Case referred to is *Cornered, Inc. v .Amanda Akins and Jeffrey Knight*; Civ. No. 1:11-cv-2854-AT.

9

Court on multiple occasions in order to pressure Mason into accepting an unfavorable settlement agreement.

As this Court has stated, a Court should "balance its duty to render just decisions with the need for finality." Brogdon at 1338. It would certainly be unjust in this situation to permit Plaintiff to intentionally misrepresent its intentions in pursuing Mason, threaten to contact the Court improperly, falsely argue to the Court that it should be granted a dismissal without having to pay any attorneys' fees and expenses based on the erroneous assertion that Mason somehow "failed" to provide supplemental responses despite her willingness to do so. As the plaintiff itself stated in its Reply, a party nor their counsel should be "rewarded for this misconduct." Doc. 34, page 12.

It would also result in "manifest injustice" to allow the Court to dismiss its case without paying any attorneys' fees and expenses because of Plaintiff's insufficient responses to Mason's requests for admissions. (Doc. 28). Attached as Exhibits A and B, respectively, are Mason's first request for admissions and Plaintiff's plainly insufficient response. (For the sake of brevity, the exhibits have not been included.) Although not raised in Mason's Response, the court would be justified in considering this evidence that Mason incurred significant legal expense in this case as it arguably constitutes "newly discovered evidence," Escareno v.

Noltina Crucible & Refractory Corp., 172 F.R.D. 517, 519-20 (N.D. Ga. 1994) (Carnes, J.).  Plaintiff did not respond to Mason's requests for admissions until after she had already responded to the motion to dismiss.

## Conclusion

Alas, poor Ms. Mason, only wanting to clear her good name, from being a porn aficionado, but unable to do so

Respectfully submitted this 11th day of May, 2012:

1600 Alexandria Court  **BLAIR CHINTELLA**
Marietta, GA 30067
404-579-9668   __/s/ Blair Chintella_____
No Fax Number  Georgia Bar No. 510109
bchintel1@gmail.com  Attorney for Robin Mason

11

## Local Rule 7.1(D) Certification

I hereby certify that I prepared Robin Mason's Motion for Reconsideration using Times New Roman fourteen-point font.

Respectfuly submitted May 11 2012:

                                              **BLAIR CHINTELLA**

1600 Alexandria Court SE
Marietta, GA 30067        */s/ Blair Chintella*_____
404-579-9668               Blair Chintella
No Fax.                       Georgia Bar No. 510109
bchintel1@gmail.com      Attorney for Defendants

## Certificate of Service

This is to certify that on May 11, 2012 I served Plaintiff with Robin Mason's Motion for Reconsideration via the Court's electronic filing system.

Respectfuly submitted May 11, 2012:

**BLAIR CHINTELLA**

1600 Alexandria Court SE
Marietta, GA 30067        __/s/ Blair Chintella_____
404-579-9668              Blair Chintella
No Fax.                   Georgia Bar No. 510109
bchintel1@gmail.com       Attorney for Plaintiff